Filed 7/3/24  P. v. Boles CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ERIC MICHAEL BOLES,<br><br>    Defendant and Appellant. | G062789<br><br>(Super. Ct. No. INF056687)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of California, County of Riverside, Helios (Joe) Hernandez, Judge. (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Eric Michael Boles filed a petition for resentencing pursuant to Penal Code section 1172.6.[1]  At the prima facie hearing on the petition, the trial court denied Boles resentencing relief.  Appointed counsel for Boles filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and requested this court conduct an independent review of the entire record.  Boles was given an opportunity to file a supplemental brief but did not do so.

Exercising our discretion under *Delgadillo*, we examined the entire record and found no reasonably arguable issue.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2007, a jury found Boles guilty of premeditated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), and violating a restraining order (§ 273.6, subd. (a)).  The jury also found Boles personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a deadly weapon (§ 12022, subd. (b)(1)) during the commission of the attempted murder.

The trial court sentenced Boles to a prison term of seven years to life, with an additional one year for the deadly weapon enhancement and another three years for the great bodily injury enhancement.  On direct appeal to this court, the judgment was affirmed with directions to modify Boles's sentence to life with the possibility of parole rather than seven years

---

[1] Boles's petition references former Penal Code section 1170.95. Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)  We will treat the petition as a request pursuant to section 1172.6.  All further statutory references are to the Penal Code.

to life.  (*People v. Boles* (Feb. 23, 2009, G040329) [nonpub. opn.].)  The trial court was also directed to give Boles an additional four days of presentence custody credits.  (*Ibid.*)

In October 2022, Boles filed a petition for resentencing in the Riverside Superior Court pursuant to section 1172.6.  Counsel was appointed at his request.  In response to Boles's petition, the prosecution requested the court take judicial notice of and review the record of conviction, including the superior court file, jury instructions, and the prior unpublished opinion by this Court (*People v. Boles* (Feb. 23, 2009, G040329 [nonpub. opn.]), to determine Boles's resentencing eligibility.

On May 26, 2023, the trial court conducted a prima facie hearing on the petition.  After reviewing the jury instructions, the trial court found the jury was not instructed on the natural and probable consequences doctrine or any theory in which malice could be imputed to Boles.  The court subsequently denied Boles's petition.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  Senate Bill 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.)  The Legislature subsequently extended relief to defendants convicted of attempted murder based on the natural and probable

3

consequences doctrine. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.)

The process begins when a defendant previously convicted of a qualifying offense files a petition pursuant to section 1172.6. Once a superior court receives the petition, it shall appoint counsel upon petitioner's request. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (*Id.*, subd. (c).) The trial court shall "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid*.) At the prima facie hearing, the trial court may rely on the record of conviction. (*Lewis, supra*, 11 Cal.5th at pp. 970– 971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1172.6, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.) Instructions given to the jury at a petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.) If the court denies the petition without issuing an order to show cause, it must state its reasons. (§ 1172.6, subd. (c).)

Here, at the prima facie hearing, the trial court reviewed the jury instructions.[2] The jury was instructed on the law defining attempted murder,

---

[2] Although the trial court did not expressly rule on the prosecution's request for judicial notice of records relating to the original proceedings, it is clear from the record the trial court reviewed and considered the jury instructions.

deliberation and premeditation, attempted voluntary manslaughter, assault with a deadly weapon, violation of protective order, personal use of a deadly weapon, and personal infliction of great bodily injury. The jury was not instructed on the natural and probable consequence doctrine or on any theory of liability requiring malice to be imputed to Boles based solely on his participation in the offense. Since the record of conviction established Boles was not convicted under a vicarious liability theory, relief was properly denied by the trial court.

After independently reviewing the entire appellate record, we find no arguable issue.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.

MOTOIKE, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.

5